GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
ANGELA WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Tel. (520) 620-7300
Fax (520) 620-7320
Email: Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR19-1094-TUC-JGZ (JR) |
|---|---|
| Plaintiff, | NOTICE OF INTENT TO ADMIT EVIDENCE PURSUANT TO RULE 404(b) |
| vs. | |
| Isaias Delgado, | |
| Defendant. | |

Now comes the United States of America, by and through its undersigned attorneys, and pursuant to Rule 404(b) of the Federal Rules of Evidence, hereby provides notice to introduce evidence of other crimes, wrongs, and acts of the defendant, Isaias Delgado, at the trial in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. CHARGED OFFENSES AND OTHER ACTS**

The defendant is charged in this case with engaging in the business of dealing firearms without a license between December 17, 2018, and April 4, 2019, in violation of 18 U.S.C. § 922(a)(1)(A). The defendant is also charged with making false statements in the records of federally licensed firearms dealers on March 20 and 28, 2019, and April 4, 2019, in violation of 18 U.S.C. 924(a)(1)(A). The defendant's offenses involve a total of 28 firearms, which are identified in the Indictment and the government's Bill of Particulars.

The government intends to introduce evidence that between May 2017 and December 7, 2018, the defendant purchased an additional ten firearms. Specific evidence of these additional firearm purchases consists of the records of the federally licensed firearms dealers from whom the defendant acquired the firearms, and witness testimony to introduce and explain these records. The records constitute additional evidence of the offenses charged in this matter, particularly the defendant's offense of engaging in the business of dealing firearms without a license. The government submits that these records demonstrate that the defendant's acts in furtherance of his unlicensed firearms dealing extend beyond the date range alleged in the Indictment and include the dates of these additional purchases during the twenty months immediately preceding the charged offenses. The ten additional firearm purchases are part of the same course of conduct the defendant engaged in while committing his unlicensed dealing offense.

Such evidence is also relevant to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, and lack of accident. Therefore, even if not considered evidence of an ongoing criminal episode, such evidence is nonetheless admissible pursuant to Rule 404(b)(2). This evidence (specifically, the records of the additional firearm purchases and reports of the statements of the government's witnesses) has been disclosed to counsel for the defendant.

## II. LAW AND ARGUMENT

### a. Rules of Evidence

Generally, Federal Rule of Evidence 404(b) permits introduction of evidence to prove the defendant's motive, intent, plan, knowledge, *modus operandi*, and the absence of mistake or accident. Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It *may* however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown,

2

of the general nature of any such evidence it intends to introduce at trial. [emphasis added]

Rule 401 states:

> Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402 states:

> All relevant evidence is admissible . . . .

The Ninth Circuit has repeatedly stated that Rule 404(b) is a rule of inclusion rather than exclusion. *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity); *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977) (Rule 404(b) admits evidence of other crimes or acts relevant to issue in trial except where it tends to prove only criminal disposition); *United States v. Brown*, 562 F.2d 1144, 1147 (9th Cir. 1977) (same). In fact, the Advisory Committee Notes state:

> [u]se of the discretionary word 'may' with respect to the admissibility of evidence of crimes, wrongs, or acts is not intended to confer any arbitrary discretion on the trial judge. Rather, it is anticipated that with respect to permissible uses for such evidence, the trial judge may exclude it only on the basis of those considerations set forth in Rule 403, i.e., prejudice, confusion or waste of time.

Rule 404(b), Advisory Committee Notes (1974 Enactment).

The Supreme Court has held that "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States,* 485 U.S. 681, 685 (1988). The Ninth Circuit has found that extrinsic evidence is probative to the issue of a defendant's intent and the credibility of his innocence defense. *United States v. Curtin*, 489 F.3d 935, 950 (9th Cir. 2007). The Court noted that it is proper for the government to offer

"evidence in its case-in-chief in anticipation of an expected aspect of the defense." *Id.* at 940.

The Ninth Circuit employs a five-part test to assist trial courts in determining the admissibility of other acts evidence.  To admit evidence for one of the permissible purposes under Rule 404(b): (1) there must be sufficient proof for the jury to find that the defendant committed the prior act; (2) the prior act must not be too remote in time; (3) if used to prove intent, the prior offense must be similar to the charged offense; (4) the prior act must be introduced to prove a material issue; and (5) the probative value must not be "substantially outweighed by the danger of unfair prejudice." *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999); *United States v. Sneezer*, 983 F.2d 920, 924 (9th Cir.1992), cert. denied, 510 U.S. 836, 114 S.Ct. 113 (1993) (citing *United States v. Ross*, 886 F.2d 264, 267 (9th Cir.1989), cert. denied, 494 U.S.1083 (1990)).

Rule 404(b) does not apply to direct evidence of the crime, or, evidence that is "inextricably intertwined" evidence. *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) ("Evidence should not be considered 'other crimes' evidence when "'the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined."' (citations omitted)).  Evidence of incidents that are "inextricably intertwined" with the charged offense is admissible independent of Rule 404(b).  *See United States v. Sanchez-Robles*, 927 F.2d 1070, 1078 (9th Cir. 1991); *United States v. Stovall*, 825 F.2d 817, 825 (9th Cir. 1987).  Acts committed as part of an ongoing criminal episode do not become "other acts" simply because the defendant is indicted for less than the entirety of his actions.  *Id.*; *United States v. Montgomery*, 384 F.3d 1050, 1061 (9th Cir. 2004); *United States v. Warren*, 25 F.3d 890, 895 (9th Cir. 1994) (uncharged offenses occurring in a single criminal episode are admissible independent of Rule 404(b)).  Evidence is inextricably intertwined with the crime charged if it "constitutes a part of the transaction that serves as the basis for the crime charged" or "was necessary to . . . permit

the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).

      **b.**     **Defendant's Additional Firearm Purchases**

The government submits that the defendant's ten additional firearm purchases between May 2017 and December 7, 2018 are inextricably intertwined with the offenses charged in this case, and constitute actions committed as part of an ongoing criminal episode. Therefore, evidence of these additional purchases are admissible independent of Rule 404(b) as evidence of uncharged offenses occurring in a single criminal episode. *See Montgomery*, 384 F.3d at 1061; *Warren*, 25 F.3d at. 895. However, even if characterized as other acts, these purchases demonstrate the defendant's motive, intent, plan, knowledge, *modus operandi* and the absence of mistake or accident with regard to the conduct charged in the indictment. Evidence of the defendant's additional firearm purchases tends to prove a material point, is not too remote in time, is sufficient to support a finding that the defendant committed the other acts, and is evidence of acts similar to the offenses charged.

This evidence proves a material point – that the defendant engaged in the business of dealing in firearms without a license. It shows that the defendant made multiple repeated firearm purchases in a short period of time, spending amounts of money on the firearms not supported by his reported income. This evidence therefore establishes that the defendant acquired these firearms with the intention to sell them and make a profit. It also proves the defendant's *modus operandi* in acquiring multiple firearms through repeated and frequent purchases from certain licensed firearm dealers, and then sell these firearms within a short period of time.

This evidence is not too remote in time from the offense charged. While there is no bright-line rule that determines how close in time a prior act must be in order to be admitted pursuant to Rule 404(b), the Ninth Circuit has repeatedly found that acts committed even several years from the charged offenses are not too remote in time. *See, e.g., United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (conduct thirteen years

before charged offenses found to be admissible); *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989) (same; ten years); *United States v. Vo,* 413 F.3d 1010, 1013, 1017-19 (9th Cir. 2005) (same; fourteen years).  Here, the defendant's additional firearm purchases occurred between twenty months and ten days within the offenses charged in the Indictment, and therefore are not too remote in time to be admissible in this case.

There is sufficient evidence to support a finding that the defendant committed the other acts of the additional firearm purchases.  The purchases are documented in the transaction records completed by the defendant and maintained in the records of the licensed firearm dealers.  These records are the property of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and the government will provide testimony from ATF witnesses to lay the foundation for the introduction of these records.

The other acts are very similar to the offenses charged.  As discussed, the defendant's additional firearm purchases constituted part of an ongoing course of conduct involving dealing firearms without a license.  Additionally, all of the firearm purchases – those charged in the Indictment and those additional purchases noticed herein – involve the same actions by the defendant of acquiring multiple firearms within a short period of time from certain federally licensed firearms dealers in Tucson, spending amounts of money on these firearms not supported by his means or reported income, and then selling these firearms soon after acquiring them with the intent to make a financial profit.  These acts are thus very relevant to establish the defendant's motive, intent, plan, knowledge, and *modus operandi*.

Finally, the probative value of the defendant's additional firearm purchases are not substantially outweighed by the danger of unfair prejudice.  The facts and circumstances of the additional purchases are no more prejudicial than those of the charged offenses.   In fact, with the exception of the dates of the purchases, the acts are virtually identical to those charged in the Indictment.  The evidence the government will submit to prove both the charged purchases and the additional purchases is also the same – the transaction

records for the purchases (ATF Form 4473), any receipts or additional documents on the purchases, and the testimony of ATF and/or firearm dealer witnesses to introduce this evidence. Therefore, there is no risk of unfair prejudice to the defendant. Furthermore, as the Ninth Circuit has repeatedly held, any potential for unfair prejudice from the introduction of a prior bad act can be mitigated by a limiting jury instruction. *United States v. Chea*, 231 F.3d 531, 535 (9th Cir. 2000); *Vo*, 413 F.3d at 1019.

### III.   CONCLUSION

Evidence of the defendant's firearm purchases between May 2017 and December 7, 2018, is evidence of the same course of conduct as charged in the Indictment in this case. This evidence is also admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. For the reasons discussed herein, the government respectfully requests that this Court find such evidence to be admissible at trial in this case.

Respectfully submitted this 16th day of June, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/Angela Woolridge*

ANGELA WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 16th day of June, 2021, to:

Bradley K. Roach
Attorney for the defendant