GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: angela.woolridge@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                   Plaintiff,<br><br>   vs.<br><br>Isaias Delgado,<br><br>                  Defendant. | CR 19-1094-TUC-JGZ (JR)<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE |

The United States of America, by and through its undersigned attorneys, hereby responds to the Motion in Limine filed in this case by the defendant, Isaias Delgado. (Doc. 110.) As further discussed herein, the government does not object to the defendant's request but wishes to clarify its position in the interest of avoiding issues at trial. Additionally, the Court may choose to strike the defendant's Motion in Limine for failure to comply with the Court's Pretrial Scheduling Order. (Doc. 105.)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Response to Motion in Limine**

The defendant requests that this Court preclude any reference or inference to weapons being transported and/or sold in Mexico. (Doc. 110, p. 1.) As this case does not involve a charge of smuggling goods from the United States, the government does not intend to introduce evidence of firearms being trafficked to Mexico in its case-in-chief.

The government does intend to introduce references to Mexico, however, because evidence relevant to the charges against the defendant of False Statements in the Records

of Federal Firearms Licensees (Counts Two, Three, and Four of the Indictment) include evidence that the defendant was residing in Mexico when he stated in Federal Firearms Licensee records that he residence in Tucson, Arizona. Such relevant evidence is also expected to include testimony that the defendant did not keep belongings at the Tucson address he listed in the records.

The government also will introduce evidence relevant to the charge against the defendant of Engaging in the Business of Dealing Firearms Without a License (Count One of the Indictment) that while the defendant purchased many firearms over a brief period of time, he was not in possession of any of these firearms shortly after the purchases. Such relevant evidence will also include evidence that the defendant sold these firearms to other individuals shortly after he purchased them.

Therefore, it is possible that the evidence relevant to the charges against the defendant may lead to an inference that the defendant took the firearms he purchased to his residence in Mexico. However, the government will not seek to introduce any evidence to suggest that the defendant was trafficking firearms to Mexico on behalf of a criminal organization, or sold the firearms to individuals in Mexico.

Additionally, on July 9, 2021, counsel for the defendant provided counsel for the government his list of anticipated witnesses along with brief synopses of the general topics about which they may testify. As the exact nature of such testimony is not entirely clear from this list, it is possible that defense witness testimony may cause additional evidence regarding Mexico to become relevant. For instance, two of the witnesses are expected to testify about "the defendant going to Mexico," and other witnesses are expected to testify about the defendant's residence, business, commerce in guns, and physical location. The defendant is also expected to testify. To the extent that the testimony of the defendant or any of his witnesses causes additional matters regarding Mexico to become relevant, the government may introduce such evidence through cross-examination and/or rebuttal evidence.

It appears that the parties may be in agreement with regard to the limitations at trial to evidence of or testimony referencing Mexico. However, as discussed below, government counsel has been unable to confirm this agreement prior to the defendant filing his Motion in Limine.

## II. Pretrial Scheduling Order

This Court issued its Pretrial Scheduling Order on June 10, 2021, and specifically stated the following with regard to motions in limine in this matter:

> Motions in limine are discouraged if the parties can informally resolve the issues without Court intervention. Therefore, **the parties must confer prior to the filing of a motion in limine to determine whether it can be avoided.** Motions in limine must be accompanied by a notice of certification of conferral indicating that the parties have conferred to determine whether a motion in limine can be resolved through agreement, and have been unable to agree on a resolution of the motion. Motions in limine that do not contain the required certification may be stricken by the Court.

(Doc. 105, p. 2.) Beginning on June 5, 2021, counsel for the government began a series of email correspondence with counsel for the defendant, requesting a meeting to discuss the potential resolution of any trial issues that may be capable of resolution in the interest of expediting the trial. On June 22, 2021, counsel met telephonically and discussed several pretrial matters, including the requirements of the Court's Pretrial Scheduling Order. During this meeting, government counsel inquired whether the defendant would be objecting to any references to Mexico. Defense counsel responded that he may, and on July 9, 2021 (in response to a follow-up email sent by government counsel on June 22, 2021), confirmed that he would file a motion in limine regarding testimony about gun trafficking to Mexico. That same day, government counsel indicated via email that the parties may be in agreement about the preclusion of such testimony, and requested to discuss the matter with defense counsel so as to avoid the filing of a motion in limine, in accordance with the Court's Pretrial Scheduling Order. Defense counsel did not respond and filed the Motion in Limine on July 12, 2021.

While the Court may choose to strike the defendant's Motion in Limine for failure to comply with its Pretrial Scheduling Order, the government nonetheless will adhere at

trial to its position set out above with regard to references to gun trafficking to Mexico, in the interest of expediting trial and avoiding any unnecessary issues during trial.

### III. Conclusion

Should the Court consider the defendant's Motion in Limine, the government respectfully requests that it be granted subject to the clarifications set forth herein.

Respectfully submitted this 19th day of July, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 19th day of July, 2021, to:

Bradley K. Roach, Esq.
Attorney for the defendant