GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: angela.woolridge@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>Isaias Delgado,<br><br>　　　　　Defendant. | CR 19-1094-TUC-JGZ (JR)<br><br>GOVERNMENT'S TRIAL BRIEF<br><br>Honorable Jennifer G. Zipps |

　　　　The United States of America, through undersigned counsel, and pursuant to the Court's Order (Doc. 105), respectfully submits its Trial Brief in advance of the jury in the trial of the above-captioned matter.

**I.　　FACTS**

　　　　Between December 17, 2018, and April 4, 2019, in and around Tucson, the defendant, Isaias Delgado (hereinafter "the defendant"), repeatedly purchased and resold firearms for the purpose or principal objection of profit.  During this time period, the defendant spent over $80,000 on approximately thirty firearms.  Included in the defendant's firearm purchases were numerous high-value, large caliber firearms such as multiple Barrett .50 caliber BMG rifles, FNH 249 belt-fed rifles, .50 caliber Beowulf firearms, AR-15/M4 type rifles and pistols, AK-47 type rifles, and numerous 9mm and .40 caliber handguns.  In the two-week period between March 14 and 27, 2019 alone, the defendant purchased a total of eleven firearms for a total purchase price of approximately $48,500.  A review of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

1  Federal Licensing System records confirmed that the defendant has never possessed a
2  license to engage in the business of dealing firearms.  When interviewed by ATF Special
3  Agents, the defendant admitted he did not have a license to deal firearms, and had been
4  thinking of getting one but never did so.  The defendant also admitted to profiting from
5  several of his firearm sales.

6  Additional investigation into the defendant's financial records revealed that his
7  income did not support the amount of money he was spending on firearms.  For instance,
8  his adjusted gross income for 2018 was reported as approximately $31,000 – far less than
9  the amount he spent on firearms in two weeks in March 2019 alone.  In fact, the total
10 amount the defendant spent on firearms between December 2018 and April 2019 exceeded
11 his adjusted gross income for the preceding three years (2016, 2017, and 2018) combined.
12 The defendant's bank account records also reveal a significant correlation between the
13 dates and amounts of the defendant's firearm purchases and his cash deposits, and indicate
14 he did in fact profit from the firearm sales.

15 In connection with the defendant's firearms purchases, he acquired a number of
16 firearms from federally licensed firearms dealers in Tucson and provided a false address in
17 the required paperwork for these purchases.  Specifically, on March 20, 2019, the defendant
18 purchased a Smith & Wesson model SD40 .40 S&W caliber pistol from N&N Firearms
19 and stated in the Form 4473 for the purchase that his current residence address was 1554
20 E. Melridge St., Tucson, AZ 85706.  On March 28, 2019, the defendant purchased a
21 Diamondback model DB-15 5.56 NATO caliber rifle from SnG Tactical and provided the
22 same address on the Form 4473 for this purchase.  On April 4, 2019, the defendant
23 purchased two Barrett model M82A1 .50 BMG caliber rifles, two FN model M249S
24 .223/5.56mm caliber rifles, and one Browning model M1919 7.62 caliber rifle from N&N
25 Firearms and provided the same address on the Form 4473 for this purchase.

26 The investigation revealed that the defendant did not live at 1554 E. Melridge St.,
27 Tucson, AZ 85706.  His mother, who did live at the address, stated that the defendant did
28 not reside at the home and never had lived there.  She believed the defendant lived in

Mexico with his wife and child, and stated he only stayed in the garage occasionally for one night at a time. She stated that the defendant did not keep his belongings in her home, and a search of the home confirmed this. The defendant's sister, who also lived at 1554 E. Melridge, also stated that the defendant did not live at the home, did not keep any belongings there, and only occasionally stayed in the garage just as any visitor to the home would. The next-door neighbor, who was familiar with the defendant's mother and sister, said he had never seen the defendant at 1554 E. Melridge.

An Indictment was filed on April 24, 2019, charging the defendant with one count of Engaging in the Business of Dealing Firearms Without a License (Count One) and three counts of False Statements in Records of Federal Firearms Licensees (Counts Two, Three, and Four).

## II.   STIPULATIONS

The parties have agreed to stipulate to the foundation for any documents or other exhibits that either party seeks to introduce at trial. As a result, neither party will be required to call as witnesses custodians of records or other individuals necessary to establish chain of custody for exhibits. However, this stipulation does not prevent either party from objecting to the introduction of any exhibit on a basis other than foundation or chain of custody.

The defendant has also agreed to the accuracy of the government's transcription of his recorded statements made while he was transported to his initial appearance in this case on April 5, 2021. This transcription was completed by ATF Special Agent Christopher Bort, who was present when the defendant made these statements, by listening to the audio recording and writing a verbatim transcription in his report of the incident.

## III.   LEGAL ISSUES

Pending before the Court is a Motion in Limine filed by the defendant, in which the defendant seeks to preclude any reference to gun trafficking into Mexico. (Doc. 110.) The government has filed a response in which it notes the motion's failure to comply with this Court's Pretrial Scheduling Order, and sets forth its position regarding the motion.

Specifically, the government does not object to the motion subject to the clarifications set forth in its response. (Doc. 111.)

While not specifically referenced in the government's response to the Motion in Limine, included in the evidence relevant to the charged offenses which the government intends to introduce at trial, two of the firearms purchased by the defendant as part of his offense of dealing firearms without a license were subsequently recovered in Mexico. The government does not intend to introduce any specific facts about these recoveries aside from the dates and locations of the recoveries. The government is further willing to limit the evidence regarding the location of the recoveries to testimony that the firearms were recovered outside the state of Arizona, in the possession of individuals other than and unrelated to the defendant (thus avoiding any reference to Mexico). The government submits that this evidence is relevant to prove that the defendant purchased the firearms with the intent to resell them, as opposed to for his own possession.

Additionally, the government has filed a Notice of Intent to Admit Evidence Pursuant to Rule 404(b). (Doc. 108.) Specifically, the government intends to introduce evidence that between May 2017 and December 7, 2018, the defendant purchased an additional ten firearms. It is the government's position that such evidence is admissible as evidence of an ongoing criminal episode, and alternatively admissible pursuant to Federal Rule of Evidence 404(b) to relevant to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, and lack of accident. On July 20, 2021, the defendant filed a response to the government's notice in which he objects to introduction of evidence of his additional firearm purchases. (Doc. 112.)

**IV.    EVIDENTIARY ISSUES**

On April 4, 2019, the defendant was interviewed by ATF Special Agents and the interview was recorded. Special Agent Bort participated in the interview and created a verbatim transcription of defendant's statement from the recording, which has been included in a report disclosed to the defense. The government intends to play relevant portions of the audio recording of the defendant's interview at trial. Government counsel

has made multiple inquiries of defense counsel whether the defendant would be objecting to the use of Special Agent Bort's transcription to aid the jury while listening to the recording. Defense counsel has not provided his position with regard to this transcription. The government intends to use this transcription during trial.

On April 5, 2019, the defendant was transported by ATF Special Agents to the federal courthouse for his initial appearance in this case. During the transportation, Special Agent Bort read the defendant his *Miranda* rights, and the defendant neither expressly waived nor asserted his rights but instead made a number of statements related to his offenses. Special Agent Bort created an audio recording during this transportation and subsequently created a verbatim transcription of defendant's statement from the recording, which has been included in a report disclosed to the defense. The government intends to play relevant portions of the audio recording of the defendant's statements during transportation at trial. As discussed in the Stipulations section above, on July 23, 2021, defense counsel responded that he had no objection to the transcript as an accurate depiction of the audio recording. However, defense counsel also indicated that he will be filing a motion to suppress the defendant's statements made on April 5, 2019, based on a Fifth Amendment violation.

The government notes that it disclosed the transcription of the defendant's statements on August 6, 2019, and disclosed the audio recordings on August 7, 2019. With regard to pretrial motions, court orders in this case direct: "All pretrial motions shall be filed sufficiently in advance of trial to avoid any delays in the trial pursuant to LRCrim 47.1" (Doc 17), and: "All motions, unless made during a hearing or trial, shall be in writing and shall be made sufficiently in advance of trial to comply with the time periods set forth in LRCiv. 7.2 and any court order and to avoid any delays in the trial." (Docs. 21, 27, 35, 50, 63, 71, 82, 93, 97.) Additionally, the Court's Motion in Limine deadline was July 12, 2021. (Doc. 105.) No motion to extend this deadline has been filed by the defendant or granted by the Court.

Aside from the matters discussed in the Legal Issues section above, counsel for the government is not aware of any evidentiary issues that need to be addressed prior to trial. Counsel for the government has consistently communicated with counsel for the defendant in an effort to reach any potential agreements as to evidentiary matters.

## V.    OTHER PERTINENT ISSUES

The Indictment in this case includes a Forfeiture Allegation. In the event of conviction, the defendant has agreed to waive his right to jury trial with regard to this allegation and instead submit the issue of forfeiture to the Court's determination.

The government has compiled a demonstrative chart it intends to use at trial. This chart was compiled from data contained in the defendant's financial records and firearm purchase documentation, all of which has previously been disclosed to the defendant. This chart is attached hereto as Attachment 1, and was also provided to counsel for the defendant on July 23, 2021.

Counsel for the government is not aware of any other pertinent issues that have not been addressed above.

Respectfully submitted this 26th day of July, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant United States Attorney

Copy of the foregoing served electronically or by other means this 26th day of July, 2021, to:

Bradley K. Roach, Esq.
Attorney for the defendant