GARY M. RESTAINO
United States Attorney
District of Arizona
ANGELA WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ  85701-5040
Telephone: (520) 620-7300
Email: Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 19-1094-TUC-JGZ (JR) |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT |
| vs. | |
| Isaias Delgado, | |
| Defendant. | |

Plaintiff, United States of America, by and through its attorneys undersigned, hereby submits its Response to the Objections to the Presentence Report filed by Defendant Isaias Delgado ("the defendant") in the above-referenced case. (Doc. 166.)  Sentencing is currently set for February 22, 2022.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS, PROCEDURAL HISTORY, AND GUIDELINE CALCULATIONS

The government herein encompasses the facts, procedural history, and sentencing guideline calculations contained within the government's Objections to the Draft Presentence Report.  (Doc. 167.)  The government submits that the defendant's total offense level is 28 and Criminal history Category is I, for an advisory sentencing guideline range of 78 to 97 months imprisonment and a statutory maximum sentence of 5 years (60 months) imprisonment.

## II. DEFENDANT'S OBJECTIONS

The defendant objects to the Probation Department's inclusion in the Draft Presentence Report of information concerning other criminal activity by the defendant, its calculation of the number of firearms involved in the defendant's offense of conviction, and the references to the defendant's use of a false address when purchasing firearms from licensed firearms dealers. The government respectfully requests that this Court overrule the defendant's objections.

### a. Other Criminal Activity

The defendant objects to the references in paragraphs 5 and 6 of the Draft Presentence Report to the defendant's suspected financial crimes between 2009 and 2018 and his border crossing activity between 2009 and 2021.[1] The government submits that it is entirely appropriate for the Court to consider information regarding the defendant's history and background, including other suspected criminal offenses. *See Williams v. New York*, 227 U.S. 241, 244-46 (1949) (rejecting application of strict evidentiary rules at sentencing). Rule 32 of the Federal Rules of Criminal Procedure reflects the courts' wide latitude to consider any information about a defendant that may be helpful in imposing sentence, and the presentence report should include such information. Fed.R.Crim.P. 32(d); *Williams*, 277 U.S. at 246.

As the Court is well aware, presentence reports in this District routinely include a section for "Other Criminal Conduct," which addresses unlawful conduct that a defendant

---

[1] The government submits that the minor difference of four working days between providing the information to which the defendant objects to the Probation Department and to the defendant was attributable to the fact that counsel for the defendant does not use the government's electronic disclosure system (USAfx). In fact, to provide the defendant with this information as quickly as possible, the government emailed the disclosure to defense counsel rather than using regular mail or requiring defense counsel to obtain physical copies at government counsel's office. However, the use of email still resulted in a brief delay because it was necessary to encrypt the documents prior to emailing them to defense counsel. The government further submits that the content of the documents provided to the Probation Department and the defendant is the same; the format differed slightly in that the documents emailed to defense counsel were converted to PDF format for redaction and encryption purposes.

2

may have been suspected or accused of but that has not resulted in arrest or conviction. The defendant provides no basis for which he should be treated differently than every other convicted offender sentenced in this District, wherein courts properly consider a wide range of information relevant to its formulation of the appropriate sentence, including uncharged criminal conduct.  "The knowledge of the life of a man, his background and family, is the only proper basis for the determination of his treatment.  There is no substitute for information."  *Williams*, 277 U.S. at 449, n. 14. (quoting Schwellenbach, Information vs. Intuition in the Imposition of Sentence, 27 J.Am.Jud.Soc. 52 (1943)).  "To deprive sentencing judges of this kind of information would undermine [the goals of sentencing]." *Id.* at 249-50.

The defendant's argument that this Court should not consider evidence that the defendant was involved in firearms trafficking because such evidence was not permitted at trial fails for a number of reasons.  First, the government agreed prior to trial that it would not seek to introduce evidence of firearms being trafficked to Mexico, as such evidence was not necessary to the elements of the defendant's offense of conviction.  (Doc. 111.)  However, the Court is not restricted at sentencing to the evidence introduced at trial; to the contrary, as discussed, it considers a wide range of information related to the offense and the defendant's history and characteristics.  *See* Fed.R.Crim.P. 32(d).  Second, the sentencing guideline for the defendant's offense of conviction expressly requires consideration of evidence of firearms trafficking and transportation of firearms outside the United States because such conduct warrants sentencing enhancements for dealing firearms without a license.  U.S.S.G. § 2K2.1(b)(5), (6).

### b. Number of Firearms

The defendant next objects to the four-level enhancement for number of firearms assessed in paragraph 22 of the Draft Presentence Report. In response, the government herein incorporates its arguments regarding the appropriate enhancement for number of firearms as set forth in its Objections to the Draft Presentence Report.  In summary, this

3

Court has found that the government established by a preponderance of the evidence that the defendant's offense involved the 25 firearms listed in the Court's Order of Forfeiture. (Doc. 147.) Based on this Court's finding following the forfeiture hearing, the government submits that the six-level enhancement pursuant to §2K2.1(b)(1)(C) is appropriate.

The defendant argues that he should only receive a two-level enhancement for number of firearms because he only admitted to selling three firearms. The defendant's argument fails for several reasons. First, the Court is not bound by admissions of a defendant when determining the appropriate sentencing guideline calculations. Second, the jury's verdict reflects that it rejected the self-serving statements by the defendant and found them not to be credible. Third, the government introduced ample evidence at trial which proved to the jury beyond a reasonable doubt that the defendant was engaged in the repeated purchase and sale of firearms *beyond* occasional sales, as required by his statute of conviction.

Fourth, the Court's Order of Forfeiture – based on a preponderance of the evidence and not "speculation" – reflects that it also rejected the defendant's claim that he only sold three firearms. Fifth, the defendant's offense of conviction does not require any actual firearm sales. *See* Model Crim. Jury Instr. 9th Cir. 8.53 (2021). Therefore, his claim of only having sold three firearms is of no moment; calculation of the number of firearms involved in his offense is not limited to the firearms he actually sold but also any he purchased with the intention to sell. And sixth, the Court found that evidence of all 38 firearms listed in paragraph 16 of the Draft Presentence Report were relevant to the defendant's offense of dealing firearms without a license and admissible at trial. The government submits that the defendant's offense of conviction involves 38 firearms (and at the very least 25 firearms), and the defendant's objection that he should only receive a two-level enhancement should be overruled.

/ / /

### c. False Address

The defendant finally objects to the reference in paragraph 13 of the Draft Presentence Report that his address was not known.  In response, the government herein incorporates the facts and arguments regarding the defendant's use of a false address during the purchase of firearms as set forth in its Objections to the Draft Presentence Report.  In summary, the investigation revealed that the defendant did not live at the address he provided in Forms 4473 he completed to purchase a number of firearms, as confirmed by statements during the investigation by his mother and sister, who did reside at the address, and a neighbor of the defendant's mother and sister.  The defendant was indicted in this case on three counts of Making False Statements in Records of Federal Firearms Licensees as a result of this conduct, and while the government dismissed these three counts prior to trial, the Court may nonetheless consider such conduct at sentecing. *See United States v. Watts*, 519 U.S. 148, 153-54 (1997); *United States v. Mercado*, 474 F.3d 654, 656-58 (9th Cir. 2007).

Furthermore, the government notes that the reference in paragraph 13 to which the defendant objects involves to the agents' reasons to arrest the defendant during the investigation.  Whether the defendant was charged with or convicted of a criminal offense of providing a false address in connection with his firearms purchases is thus of no moment.  The Draft Presentence Report accurately conveys that the agents were unsure of the defendant's actual residence during the investigation (understandable in light of the fact the three witnesses they interviewed at the residence the he used in the Forms 4473 stated the defendant did not live there) and that fact – along with the facts that the defendant had been in Mexico for several days, entered the United States that morning, and could not account for the details of his firearm purchases or whereabouts of the firearms – contributed to the agents' decision to arrest the defendant.  The government submits that paragraph 13 of the Draft Presentence Report is accurate and the defendant's objection thereto should be overruled.

## IV.  CONCLUSION

For the reasons set forth above, the government respectfully requests that this Court overrule the defendant's Objections to the Presentence Report and adopt the guideline calculations as set forth in the government's Objections to the Presentence Report.

Respectfully submitted this 23rd day of December, 2021.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served
electronically or by other means
this 23rd day of December, 2021, to:

Barbara Catrillo, Esq.
Attorney for Defendant Isaias Delgado