**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01094-001-TUC-JGZ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Isaias Delgado, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Bond Pending Appeal. (Doc. 208.) The Government did not respond.

Defendant Isaias Delgado requests this Court to allow him to remain out of custody pending appeal. On August 12, 2021, after a four-day jury trial, Delgado was convicted of Engaging in the Business of Dealing Firearms without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). (Doc. 143.) On August 13, 2021, the Court held a forfeiture hearing and entered a Preliminary Order of Forfeiture. (Doc. 147.) Delgado remained on release after his conviction, pending sentencing. The Court held a sentencing hearing on June 3, 2022, heard further testimony on August 4, 2022, and held an additional sentencing hearing on August 23, 2022. The Court found that the government proved by a preponderance of the evidence that more than twenty-five weapons were involved in the offense and sentenced Delgado to thirty-six months of incarceration followed by twenty-four months of supervised release.[1] (Docs. 203, 205.) The Court entered a Final

---

[1]  Before the Court sustained the government's objection to the number of weapons that should be used in determining the guideline range under 2K2.1(b)(1)(A), the presentence

Order of Forfeiture, ordering Delgado to forfeit nine firearms and permitting the United States to seek forfeiture of any of the defendant's property up to the value of $43,521.85 as a substitute asset for the value of sixteen firearms that were not seized. (Doc. 204.) On August 24, 2022, Delgado filed a notice of appeal to the Ninth Circuit. (Doc. 206.) On September 1, 2022, Delgado filed the present motion.

Under 18 U.S.C. § 3143(b)(1), where a person has filed an appeal after having been found guilty of an offense and sentenced to a term of imprisonment, the court "shall order that [the] person . . . be detained, unless the judicial officer finds":

(A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

    (i)  reversal,

    (ii)  an order for a new trial,

    (iii)  a sentence that does not include a term of imprisonment, or

    (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A)–(B).

## I.    Flight Risk and Danger to the Community

"Although danger to the community and flight risk are threshold factors under § 3143(b)(1)(A), in that context the court considers only whether the defendant has proved by clear and convincing evidence that he is 'not likely' to flee or pose a danger to others." *United States v. Garcia*, 340 F.3d 1013, 1021 n. 6 (9th Cir. 2003); *United States v. Wheeler*, 795 F.2d 839 (9th Cir. 1986) (appellant/defendant has burden of showing he is not a flight risk or a danger to any person or the community).

In his motion, Delgado argues that he has proven by clear and convincing evidence

report recommended a sentence of 21 months followed by 24 months of supervised release. (Doc. 200.)

that he is not a flight risk, nor a danger to the community, because he was on pretrial release throughout the duration of his prosecution from April 2019 through August 2022, "his pretrial services record is impeccable," he received permission to travel to Mexico over thirty times during his prosecution, and he has strong ties to the community as the owner and manager of an IT company. (Doc. 208 at 4–5.)

The Court finds, by clear and convincing evidence and for purposes of the pending motion, that Delgado is not likely to flee or pose a danger to others. Delgado has been on pretrial release for approximately three years and four months without incident—including nearly one year between his conviction and sentencing. He surrendered his passport, and each time he was permitted to travel to Mexico he timely re-surrendered it. *See United States v. Bernot*, No. 2:08–cr–00093 KJM, 2015 WL 1530493, at *1 (E.D. Cal. April 3, 2015) (surrender of passport a factor in finding defendant did not pose a flight risk). The release status report provided to the Court by Pretrial Services prior to sentencing stated that Delgado adjusted well to supervision and was compliant with release conditions, even as he faced the imposition of a significant sentence. (Doc. 197.) Because reliance on presentence compliance with release conditions alone does not meet the statutory burden, the Court also considers Delgado's strong ties to the community through his family, and the fact that he helps manage his father's business and manages his own IT business. *See United States v. Bailey*, 759 F. Supp. 685, 687 (D. Co. 1991). Delgado has satisfied the first statutory requirement.

## II.   Substantial Question

Next, the Court must determine if Delgado's appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in a favorable outcome such as reversal, an order for a new trial, or a reduced sentence less than the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B). The word "substantial" defines the "level of merit required in the question raised on appeal," while the requirement that the question be "likely to result in reversal" is an inquiry into the type of question presented, not an assessment of the likelihood that a reversal will occur in the particular case. *United States*

*v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985). A substantial question is one that is non-frivolous and fairly debatable or fairly doubtful. *United States v. Garcia*, 340 F.3d 1013, 1020 n. 5 (9th Cir. 2003) (citing *Handy*, 761 F.2d at 1283). It may be novel or "not readily answerable." *Handy*, 761 F.2d at 1281.

Delgado presents the following thirteen issues he intends to raise on appeal:

(1)  The court erred by improperly admitting the Defendant's statements made during a custodial interrogation, without *Miranda* warnings;

(2)  The Government intentionally withheld/delayed delivery of *Brady* material and exculpatory evidence, in violation of the Defendant's Due Process rights under U.S. CONST. amend. 5, *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

(3)  The government withheld material impeachment evidence affecting the credibility of a government witness which has a reasonable likelihood of affecting the verdict. *Giglio v. United States*, 405 U.S. 150 (1972).

(4)  The court erred by improperly admitting hearsay testimony and restricting relevant cross examine [sic] in violation of the 6th Amendment;

(5)  The court erred by improperly admitting prejudicial 404(b) Materials;

(6)  The Government engaged in a prejudicial and inflammatory display of weapons to the jury;

(7)  The government improperly altered evidence during its presentation to the jury;

(8)  The court erred by permitting unqualified expert testimony without proper foundation;

(9)  The Prosecutorial Misconduct, Burden Shifting, and Prejudicial Statements by the Prosecution and Government Witnesses;

(10)  Improper Mens Rea in the jury instructions;

(11)  The trial judge applied an enhancement for trafficking within the United States based on her assumption that only a prohibited possessor would

- 4 -

purchase a gun at above market value, a fact that was not alleged in the sentencing hearings on enhancements, or the pre-sentencing report.

(12)     The court erred by making a finding as to the number of guns under 2K2.1(b)(1).

(13)     Sentencing Disparity: Similarly situated defendants were subject to disparate treatment by law enforcement and much more lenient punishments by other courts.

(Doc. 208.) Delgado argues that he "made a number of substantive legal challenges to the charges and admission of evidence in this case. There is a real and substantial likelihood that the Court of Appeals will reverse on one or more of these basis [sic]." (*Id.*)

The Court concludes that Delgado has not presented a substantial question likely to result in reversal, a new trial, or a sentence lower than the expected duration of the appeals process. Delgado's first through tenth issues relate to evidentiary and due process challenges to his trial. The trial issues are conclusory, vague, and not supported by factual information—Delgado does not argue them any further in his motion. As such, the Court cannot conclude that they are fairly debatable or fairly doubtful.

Delgado's final three issues relate to his sentencing. The presentence report included a guideline provision of 21-27 months and recommended a sentence of 21 months before the Court sustained the government's objection and applied a six-level enhancement. The Court finds that the appeals process is not likely to last longer than 21 months; any successful challenge to Delgado's sentence is thus unlikely to result in a reduced sentence shorter than the duration of the appeal process.

Delgado has not raised issues that are fairly debatable or fairly doubtful, and his assertion that the Court of Appeals is likely to reverse is speculative. *See United States v. Boscarino*, No. CR 10-1942-TUC-CKJ, 2017 WL 727520, at *2 (D. Ariz. February 24, 2017) (defendant's "assertion that his sentence may be significantly reduced is speculative."). He has not met his burden on the second statutory requirement.

//

Accordingly,

**IT IS ORDERED** that Delgado's Motion for Bond Pending Appeal (Doc. 208) is **DENIED**.

Dated this 30th day of September, 2022.

Honorable Jennifer G. Zipps
United States District Judge