WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Isaias Delgado,<br><br>　　　　Defendant. | No. CR-19-01094-001-TUC-JGZ (JR)<br><br>**ORDER** |

Pending before the Court are Defendant Isaias Delgado's Motion to Limit Forfeiture Amount to Profits (Doc. 216); Motion for Release of Property (Doc. 217); Motion to Stay (Doc. 223); and Motion to Assign and Designate (Doc. 224). Delgado's Motion to Limit Forfeiture Amount to Profits and Motion for Release of Property are fully briefed. (Docs. 216–22.) The government filed a response to Delgado's Motion to Stay. (Doc. 227.) For the following reasons, the Court will deny Delgado's Motion to Limit Forfeiture Amount to Profits; grant in part and deny in part his Motion for Release of Property; grant his Motion to Stay; and deny his Motion to Assign and Designate.

**I.　Background**

In April 2019, Delgado was charged by Indictment with one count of willfully engaging in the business of dealing firearms, in violation of 18 U.S.C. § 922(a)(1)(A) and 924(a)(1)(D), and three counts of making false statements in the records of federal firearms licensees. (Doc. 13 at 1–2; Doc. 124.) The Indictment included a forfeiture allegation, stating the government's intention, upon conviction, to forfeit any firearms involved in the

1  commission of the offenses, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). (Doc.
2  13 at 3.) The forfeiture allegation also stated that if any of the property sought to be
3  forfeited could not be located despite due diligence, or was transferred or sold to a third
4  party, or placed outside of the jurisdiction of the court, the government would seek
5  forfeiture of any of Delgado's other property up to the value of the forfeitable property,
6  pursuant to 21 U.S.C. § 853(p). (*Id.*)

7  Trial was set for August 2021. Before trial, Delgado waived his right to try the
8  forfeiture allegation to a jury, (Doc. 123), and the government moved to dismiss the three
9  counts of making false statements, (Doc. 124). After a four-day trial, the jury found
10 Delgado guilty of the remaining charge: willfully engaging in the business of dealing
11 firearms. (Doc. 143.) The same day, the Court held a forfeiture hearing. (Doc. 146.)

12 After the forfeiture hearing, the Court issued a Preliminary Order of Forfeiture,
13 setting forth five findings relating to the twenty-five firearms the government had shown
14 were purchased by Delgado. (Doc. 147; Trial Exhibit 77.) First, the Court found that the
15 twenty-five firearms—nine of which were seized from Delgado and sixteen of which were
16 unrecovered—represented property involved in Delgado's violation of 18 U.S.C. §
17 922(a)(1)(A) and 924(a)(1)(D). (*Id.* at 1–3.) Second, Delgado had an interest in these
18 firearms and the government established the requisite nexus between the firearms and the
19 criminal offense. (*Id.* at 3.) Third, by clear and convincing evidence, Delgado knowingly
20 violated 18 U.S.C. § 922(a)(1)(A) and 924(a)(1)(D). (*Id.*) Fourth, the government may seek
21 substitute forfeiture under 21 U.S.C. § 853(p) as to the sixteen unrecovered firearms
22 because the government proved by a preponderance of the evidence that Delgado placed
23 those firearms beyond the Court's jurisdiction or transferred, sold to, or deposited them
24 with a third party. (*Id.*) Fifth, the government established by a preponderance of the
25 evidence that the sixteen unrecovered firearms had a value of $43,521.85. (*Id.*) The value
26 of each firearm was established by its purchase price. (*Id.*)

27 After ensuring the government followed the notice requirements of Rule 32.2(b)(6)
28 of the Federal Rules of Criminal Procedure, the Court entered a Final Order of Forfeiture.

(Doc. 204.) The Court directed that Delgado forfeit to the government all right, title, and interest in the nine seized firearms pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). (*Id.* at 3.) The Court also permitted the government to seek, as a substitute asset, forfeiture of any of Delgado's property up to $43,521.85, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853. (*Id.* at 4.)

## II.  Motion to Limit Forfeiture Amount

Delgado requests that the Court limit the forfeiture of substitute assets to the amount of profits Delgado received from selling the unrecovered firearms, rather than allowing recovery of the value of the firearms. (Doc. 216 at 9.) Delgado argues that the profits amounted to just $1,500. (*Id.*) To support this request, Delgado presents two arguments: the government may recover only proceeds, not the fair market value, of any firearm not seized; and the Court's forfeiture determinations violated his Sixth Amendment right to a trial by jury. (Doc. 216 at 2; Doc. 220 at 2.) The Court will deny Delgado's motion because these arguments have no basis in the law or the record.

Taken together, three statutes allow the government to seek substitute forfeiture for the full value of the sixteen unrecovered firearms. First, 18 U.S.C. § 924(d) permits the civil forfeiture of firearms and ammunition involved in any knowing violation of any criminal law of the United States, where such intent is shown by clear and convincing evidence. *See United States v. Valdez*, 911 F.3d 960, 963 (9th Cir. 2018). This Court determined by clear and convincing evidence that Delgado knowingly violated 18 U.S.C. § 922(a)(1)(A) and 924(a)(1)(D). (Doc. 147 at 1–3.) The Court also determined that the sixteen unrecovered firearms were involved in Delgado's criminal violation. (Doc. 147 at 3.)

Second, 28 U.S.C. § 2461(c) authorizes the use of the criminal forfeiture procedures of 21 U.S.C. § 853 whenever a defendant is found guilty of a crime and civil forfeiture is available. *See Valdez*, 911 F.3d at 964–66. The jury found Delgado guilty. (Doc. 143.) As discussed above, civil forfeiture is available for Delgado's criminal violation.

Third, 21 U.S.C. § 853(p) allows the forfeiture of substitute property in certain

situations, including when the defendant's actions made the forfeitable property unavailable. *See Valdez*, 911 F.3d at 963, 966–67. This Court determined that Delgado's acts or omissions resulted in the sixteen firearms being placed beyond the Court's jurisdiction or transferred, sold to, or deposited with a third party. (Doc. 147 at 3.) The Court therefore determined, pursuant to § 853(p), that the government may seek forfeiture of Delgado's substitute property. (*Id.*)

Delgado's argument that a provision of the third statute, § 853(a), limits forfeitable property to "proceeds" was rejected by the Ninth Circuit in *Valdez*. The relevant statutes permitting the forfeiture of firearms, § 924(d) and § 2461(c), employ only the procedural provisions of § 853, such as § 853(p). *Valdez*, 911 F.3d at 966–67. The substantive provision of § 853(a), which may limit forfeitable property to proceeds, is thus irrelevant here. *Id.*

Delgado's argument that the Court's forfeiture determinations violated his Sixth Amendment right to a jury trial also fails. Delgado points to the fact that the Court, not the jury, determined which firearms were involved in the offense and subject to forfeiture. (Doc. 220 at 1–2.) Delgado argues that the jury must determine any facts related to forfeiture. (Doc. 220 at 1–2.) In support, Delgado cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Southern Union Co. v. United States*, 567 U.S. 343 (2012). Under *Apprendi*, "any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Southern Union,* the Supreme Court extended the holding in *Apprendi* to the determination of the amount of criminal fines, requiring that juries determine facts that set a fine's maximum amount. 567 U.S. at 353–58. Delgado argues that *Southern Union* is applicable here because substitute forfeiture is no different than a criminal fine. (*See* Doc. 220 at 2.)

The Supreme Court, however, has also held that there is no constitutional "right to a jury verdict on forfeitability" in a criminal forfeiture proceeding. *Libretti v. United States*, 516 U.S. 29, 49 (1995). Contrary to Delgado's argument, *Libretti* remains binding

precedent. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) ("Because *Libretti* has direct application in this case, we are bound by its holding even if it might appear 'to rest on reasons rejected in some other line of decisions.'"). Under *Libretti*, jury findings of fact were not required for Delgado's criminal forfeiture proceedings. *See Libretti*, 516 U.S. at 49.

Even so, Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure permits defendants to request a jury trial for the issue of forfeiture. Delgado, however, waived this statutory right. (Doc. 123.) When the Court questioned Delgado about waiver on August 2, 2021, Delgado confirmed he consulted with counsel, signed the waiver form, and did not want a jury trial for the issue of forfeiture. Delgado's waiver of his statutory right to a jury determination on forfeiture was plainly adequate.

For these reasons, the Court will deny Delgado's Motion to Limit Forfeiture Amount.

### III. Motion for Release of Property

Delgado requests that the Court direct the government to release all of his property not listed in the Final Order of Forfeiture. (Doc. 217 at 1.) This property includes mail, photographs, books, discs, credit and debit cards, USB drives, memory cards, cellphones, ammunition, and firearm accessories. (*Id.* at 1–2.)

In its Response, the government states it does not object to the release of any items listed in Delgado's Motion except for any firearm-related items. (Doc. 219 at 1.) The government specifically objects to the release of ammunition, ammunition cases, firearm cases, firearm boxes, firearm accessories, firearm magazines, and firearm barrels because (1) the items are forfeitable as instrumentalities of a crime; (2) some of the items have significant value and could be applied towards Delgado's monetary forfeiture judgment; and (3) the items are evidence of Delgado's crime which the government must retain while his appeal is pending. (*Id.* at 1–2.) Delgado contends the government must release the firearm-related items because they were neither involved in the offense nor presented as evidence at trial, and it is improper for the government to apply these items towards a

judgment without due process. (Doc. 222 at 1–2.)

The Court will grant Delgado's motion in part and deny it in part, and will direct the government to release all of Delgado's property not listed in the Final Order of Forfeiture except for any firearm-related items because those items are evidence of Delgado willfully engaging in the business of dealing firearms. To prevail on a motion for return of property, Delgado must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended. *United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987). Delgado has established the first two elements as to all of the property: Delgado is entitled to the lawful possession of his personal property and the property is not contraband.[1] However, Delgado has failed to show that the government no longer needs the firearm-related items as evidence.

The government's need for the firearm-related items as evidence has not ended because Delgado's appeal is pending. *See, e.g.*, *United States v. Saunders*, 957 F.2d 1488, 1495 (8th Cir. 1992) ("The motion for the return of [property], even [property] not introduced at trial, was premature because defendant's direct appeal was still pending."). Further, the firearm-related accessories and ammunition, by their very nature, are closely related to the business of dealing firearms. It would therefore not be unreasonable for the government to seek to admit these items into evidence if Delgado's case were retried.[2]

---

[1] The government does not contend that Delgado's firearm-related property is contraband. (*See* Doc. 219.) Delgado also does not argue that the government illegally seized the firearm-related property. (*See* Docs. 217, 222.)

[2] The Court rejects the government's argument that it may retain Delgado's firearm-related property as forfeitable instruments of Delgado's crime and property that will be subject to the money forfeiture judgment. (Doc. 219 at 1–2.) The government may not take title to Delgado's personal property without the proper proceedings, which it has not initiated. *See, e.g.*, *United States v. Wilson*, 540 F.2d 1100, 1104 (D.C. Cir. 1976) ("It goes without saying, that if the Government seeks to forfeit the property a proper proceeding should be instigated to accomplish that purpose. . . . A claim by the owner for the return of his property cannot be successfully resisted by asserting that the property is subject to forfeiture."); *United States v. Hurtado*, No. CV 09-4206 SVW (EX), 2009 WL 10671968, at *7 (C.D. Cal. Oct. 7, 2009) (citing *Wilson* and finding that the district court had jurisdiction "to return property to the movant after the government's need for it ends"). Similarly, the government cannot hold Delgado's firearm-related property by merely asserting the property will be subject to the money forfeiture judgment. The government must initiate the proper proceedings to accomplish that purpose. *See Wilson*, 540 F.2d at

For these reasons, the Court will grant in part and deny in part Delgado's Motion for Release of Property.

## IV. Motion to Stay

Delgado requests the Court stay its August 23, 2022 Final Order of Forfeiture pending the outcome of his appeal. (Doc. 223.) In its Response, the government stated that the items forfeited have not been disposed and that it has no objection to Delgado's Motion. (Doc. 227.) The Court will therefore grant Delgado's Motion to Stay.

## V. Motion to Assign and Designate

In his Motion to Assign and Designate, Delgado requests he "be granted and afforded access to the CM ECF and PACER systems" and provides an email with which he intends to access these systems. (Doc. 224.) To the extent that Delgado requests that the Court direct the Bureau of Prisons to provide him with access to the CM ECF and PACER systems, Delgado's Motion will be denied. However, the Court will send courtesy copy notices of its Orders to Delgado's email address and Delgado may use this Order to demonstrate he has an active case requiring access to his correctional facility's library or legal resources.

## VI. Conclusion

Accordingly,

**IT IS ORDERED:**

1. Delgado's Motion to Limit Forfeiture Amount to Profits (Doc. 216) is **denied**.

2. Delgado's Motion for Release of Property (Doc. 217) is **granted in part** and **denied in part**.

3. Delgado's Motion to Stay (Doc. 223) is **granted**. The Final Order of Forfeiture (Doc. 204) is **stayed** pending resolution of Delgado's appeal.

4. Delgado's Motion to Assign and Designate (Doc. 224) is **denied**.

5. Within 30 days from the date of this Order, the government shall release to 1104.

- 7 -

Yadira Delgado all of Delgado's personal property not listed in the Final Order of Forfeiture except for any firearm-related items such as ammunition, ammunition cases, firearm cases, firearm boxes, firearm accessories, firearm magazines, and firearm barrels.

  6. The Clerk of Court shall mail a copy of this Order to pro se Defendant Delgado and email an ad hoc notice of filing to id.vs.usa@gmail.com.

  Dated this 4th day of April, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge